■ XHEMAL XHIKA et al., Respondents, v TRIZECHAHN REGIONAL POOLING, LLC, et al., Defendants, and CHEMICAL WEEK ASSOCIATES, LLC, et al., Appellants. (And a Third-Party Action.) [854 NYS2d 449]—

The injured plaintiff was pulling out a large garbage bag from a bin during the course of his employment as a janitor when he felt pain in his back and fell. The injured plaintiff alleged that the large garbage bag, which consisted of trash that he had collected from cubicle refuse bins of the offices of the defendants Chemical Week Associates, LLC, and Chemical Week Publishing, LLC (hereinafter the defendants), was unusually heavy when he tried to lift it out of the bin. The injured plaintiff alleged that, unbeknownst to him, one of the defendants' employees must have deposited some heavy trash, which should have been deposited in a hamper in the mail room, into the garbage bag in the bin that he wheeled around to collect garbage from the cubicle refuse bins.

The defendants submitted evidence sufficient to establish their entitlement to judgment as a matter of law, and in response, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. There was no evidence, only speculation, that the defendants' employee(s) created the alleged hazardous condition by improperly depositing heavy trash into the garbage bag in the bin that the injured plaintiff wheeled around (*see Gatanas v Picnic Garden B.B.Q. Buffet House*, 305 AD2d 457 [2003]; *Goldman v Waldbaum, Inc.*, 297 AD2d 277 [2002]; *Licatese v Waldbaums, Inc.*, 277 AD2d 429, 430 [2000]; *Sanchez-Acevedo v Mariott Health Care Serv.*, 270 AD2d 244 [2000]). The plaintiffs also failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice of the alleged hazardous condition which proximately caused the injured plaintiff's injuries (*see generally Gallais-Pradal v YWCA of Brooklyn*, 33 AD3d 660 [2006]; *Kraemer v K-Mart Corp.*, 226 AD2d 590, 591 [1996]). Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.