■ CLAUDIA TAYLOR, Respondent, v LESLIE JASLOVE, Appellant. [878 NYS2d 78]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 14, 2008, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On February 25, 2005 five inches of snow accumulated during a snowstorm that ended at 7:00 A.M. At approximately 9:00 A.M. the plaintiff, a home health aide, was making her first visit of the day to a client who lived in an apartment in a building owned by the defendant. The pathway leading from the sidewalk to the building had not yet been shoveled when the plaintiff arrived. Nevertheless, she successfully negotiated the path, opened the front door, and entered the foyer of the building. She then climbed three steps to reach a second door but found it locked. After she was unable to reach her client by cell phone, the plaintiff turned back to walk down the steps to buzz the client on the intercom. As she took her first step, she slipped and fell, sustaining injuries. She subsequently commenced this personal injury action against the defendant, alleging that her injuries were caused by "excessive moisture" in the foyer. The defendant moved for summary judgment dismissing the complaint. The court denied the motion and the defendant appeals. We reverse.

The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that he neither created the alleged hazardous condition, nor had actual or constructive notice of it (see *Miguel v SJS Assoc., LLC*, 40 AD3d 942, 944 [2007]; *Rodriguez v White Plains Pub. Schools*, 35 AD3d 704, 705 [2006]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]). The defendant offered evidence to establish that he had not received any complaints regarding water accumulating in the foyer and had never seen any such accumulation. Further, he offered the plaintiff's deposition testimony in which she stated that she did not see any water on the steps either before or after the accident, but concluded that the floor was wet because her clothes were wet after she fell. In opposition, the plaintiff failed to raise a triable issue of fact regarding the alleged dangerous condition (see *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568, 569 [2002]). Moreover, the plaintiff's contention that the stairway was not in compliance with the applicable Building Code was improperly raised

for the first time in opposition to the defendant's motion. In any event, the plaintiff failed to present any evidence in support of her contention (*see Prisco v Long Is. Univ.*, 258 AD2d 451, 452 [1999]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Skelos, J.P., Fisher, Florio and Leventhal, JJ., concur.