■ Douglas Shindler et al., Respondents-Appellants, v Arvin Warf, Defendant, and Skwere Mosdos, Inc., et al., Appellants-Respondents, and Central Water Systems Installation, Inc., Respondent. [887 NYS2d 193]—

In an action to recover damages for personal injuries, etc., the defendants Skwere Mosdos, Inc., and Camp Bnos Skwere appeal from so much of an order of the Supreme Court, Kings County (Starkey, J.), dated May 30, 2007, as granted the motion of the defendant Central Water Systems Installation, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them or for common-law indemnification from the other defendants, and the defendant I-86 Service Center, Inc., separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the defendant Central Water Systems Installation, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying that branch of the cross motion of the defendants Skwere Mosdos, Inc., and Camp Bnos Skwere which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and denying the cross motion of the defendant I-86 Service Center, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor provisions granting that branch of the cross motion of the defendants Skwere Mosdos, Inc., and Camp Bnos Skwere and granting the cross motion of the defendant I-86 Service Center, Inc.; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

On April 30, 2003, the infant plaintiff allegedly sustained personal injuries at premises owned by the defendants Skwere Mosdos, Inc., and Camp Bnos Skwere.

In a premises liability case, a defendant moving for summary judgment has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Smith v New York City Hous. Auth.,* 52 AD3d 808 [2008]; *McKeon v Town of Oyster Bay,* 292 AD2d 574 [2002]). Here, the defendants Skwere Mosdos, Inc., and Camp Bnos Skwere submitted evidence sufficient to establish, prima facie, that they did not create or have actual or constructive notice of the alleged hazardous condition which proximately caused the infant plaintiff's injuries (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]).

The defendant Central Water Systems Installation, Inc. (hereinafter Central), and the defendant I-86 Service Center, Inc. (hereinafter I-86), established their respective entitlement to judgment as a matter of law by demonstrating that they owed no duty of care to the infant plaintiff (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether either Central or I-86 assumed a duty of care by creating the alleged hazardous condition which proximately caused the infant plaintiff's injuries (*see Xhika v Trizechahn Regional Pooling, LLC,* 49 AD3d 719, 720 [2008]; *Horowitz v Marel Elec. Servs.,* 271 AD2d 572 [2000]). Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.