■ DORENE MORMILE, Appellant, v JAMESTOWN MANAGEMENT CORPORATION et al., Respondents. [897 NYS2d 169]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated October 29, 2008, as granted that branch of the cross motion of the defendant Initial Cleaning Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the separate cross motion of the defendants Jamestown Management Corporation, JT 1211, L.P., and Rockefeller Group Development Corp. which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

During the morning of January 8, 2002, the plaintiff allegedly slipped and fell on what she described in her deposition testimony, as "scattered, small droplets and puddles," on the lobby floor of the office building where she worked in midtown Manhattan. The defendant JT 1211 L.P. (hereinafter JT) owned the building on the day of the occurrence, and the defendant Rockefeller Group Development Corp. (hereinafter Rockefeller) served as the building's management company. The defendant Jamestown Management Corporation (hereinafter Jamestown) apparently became the owner of the building at some point after the occurrence. Prior to the date of the occurrence, Rockefeller had entered into a contract with the defendant Initial Contract Services, Inc., incorrectly sued herein as Initial Cleaning Services, Inc. (hereinafter Initial), to clean and maintain the lobby of the building.

After joinder of issue, Initial cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and Jamestown, JT, and Rockefeller subsequently cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In support of their

respective cross motions, the defendants submitted evidence sufficient to establish, prima facie, that they did not create the alleged hazardous condition which proximately caused the plaintiff's injuries or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Shindler v Warf*, 66 AD3d 762 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]). A "general awareness" that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused the plaintiff's fall (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]). Accordingly, the Supreme Court properly granted those branches of both cross motions which were for summary judgment dismissing the complaint.

Initial's remaining contention need not be considered in light of our determination. Dillon, J.P., Miller, Eng and Roman, JJ., concur. **[Prior Case History: 21 Misc 3d 1129(A), 2008 NY Slip Op 52273(U).]**