■ JOHN KUDLACK et al., Respondents, v DIOCESE OF ROCKVILLE CENTRE et al., Appellants. [916 NYS2d 213]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated March 18, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff John Kudlack (hereinafter Kudlack) and his wife, derivatively, commenced this action as a result of an accident that occurred at the defendant Cemetery of the Holy Rood in Westbury. On July 27, 2005, Kudlack had gone to the cemetery in order to visit his father's grave. Some four years earlier, on May 31, 2001, Kudlack's sister had also been interred at that same cemetery. On July 25, 2005, two days before the date of the accident, the interment of Kudlack's father had taken place at an adjoining grave, which shared a common headstone with that of Kudlack's sister. Kudlack had been present at the July 25 burial ceremony for his father.

At his deposition, Kudlack testified that, as he was looking toward the side of the headstone facing his sister's grave on July 27, "the ground gave out." He attempted to explain how the

ground collapsed, causing him to fall down "face first." He described the "hole" that had come into existence as a result of this "collapse" as roughly three feet deep and between two and three feet wide. The record includes a photograph that allegedly depicts this condition.

The defendants' motion for summary judgment was, in relevant part, supported by the affidavit of Neal Barlin, the "Director of Catholic Cemeteries" for the defendant Diocese of Rockville Centre. At his previous deposition, Barlin offered his view that the condition that caused Kudlack to fall was the result of "mother nature settl[ing] the ground over a period of time," although he also acknowledged that he had "no idea" what caused the settlement of the soil that caused Kudlack's accident. In his affidavit, Barlin averred, in part, "At no time prior to [Kudlack's] accident was I, or any employee of Holy Rood Cemetery, advised of any unsafe condition or sinkhole at or near the area of the [Kudlack's] father's and/or sister's grave."

The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We affirm.

On appeal, the defendants argue, among other things, that a hole some three feet deep might suddenly open up in the ground "naturally," because the ground is "subject to the elements of mother nature and earth does shift and settle without any party being negligent." They argue that it is "quite likely . . . that such a sink hole was created by the natural migration of earth."

In support of their motion, the defendants submitted Kudlack's deposition testimony, which included more than the mere fact that "a hole suddenly appear[ed] beneath [Kudlack's] foot as he [stood at the grave site]" (*Szalontai v Yazbo's Sports Café*, 183 NJ 386, 400, 874 A2d 507, 517 [2005]). Rather, Kudlack's deposition testimony suggests that the hole appeared beneath him only a few days after the defendants' employees, working at a relatively short distance from the scene of the accident, had excavated a grave (*cf. Szalontai v Yazbo's Sports Café*, 183 NJ at 402-403, 874 A2d at 518 [noting that no digging occurred in connection with emptying of underground oil tank that had occurred years earlier at some distance from the scene of collapse in a parking lot]).

Thus, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. The defendants failed to establish their prima facie entitlement to judgment as a matter of law, as they failed to establish that did not create the geological instability that caused the ground to collapse underneath Kudlack. Accordingly, we need not consider

the sufficiency of the plaintiffs' papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Covello, J.P., Dickerson, Hall and Lott, JJ., concur.