■ PATRICE MIKI, Appellant, v 335 MADISON AVENUE, LLC, et al., Respondents. [940 NYS2d 38]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered January 20, 2011, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this personal injury action, plaintiff allegedly tripped and fell on a bent "lip" on the edge of the metal molding surrounding an access door, which was located on the floor of a heavily-trafficked room on the mezzanine level of premises owned by

defendant 335 Madison and managed by defendant Milstein. Defendant General Electric leased the mezzanine level of the premises and subleased it to plaintiff's employer, nonparty American Independence.

The motion court properly dismissed plaintiff's claim that the access door violated Administrative Code of the City of New York § 28-301.1, since she failed to allege the statute in, or seek leave to add it to, her bill of particulars (*see generally Reilly v Newireen Assoc.*, 303 AD2d 214, 217-218 [2003], *lv denied* 100 NY2d 508 [2003]). Moreover, the claim lacks merit, as the statute merely imposes a general duty on owners to maintain their premises, and does not specifically address the alleged structural defect at issue (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]; *see also Maksuti v Best Italian Pizza*, 27 AD3d 300 [2006], *lv denied* 7 NY3d 715 [2006]; *cf. Cusumano v City of New York*, 15 NY3d 319, 327-328 [2010, Lippman, Ch. J., concurring]).

Defendants made a prima facie showing of entitlement to judgment as a matter of law with respect to plaintiff's common-law negligence claim by submitting evidence that they did not create or have notice of the alleged dangerous condition. In response, plaintiff failed to raise a triable issue of fact. Indeed, the record shows that plaintiff and her coworkers had entered and exited the subject room several times a day, over a period of years, and there had been no complaints or incidents related to the metal molding or bent lip before the accident (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 30 Misc 3d 1214(A), 2011 NY Slip Op 50065(U).]**