In an action to recover damages for personal injuries, the defendant Donzelli Realty Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated March 30, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, *898 on the law, with costs, and the motion of the defendant Donzelli Realty Corporation for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff tripped on an opened sidewalk cellar door and fell into the basement of a building owned by the defendant Donzelli Realty Corporation (hereinafter the appellant). Each of the codefendants leased a street-level commercial space from the appellant and had keys to the sidewalk cellar door.
An owner of property has a duty to maintain his or her premises in a reasonably safe condition (see Rellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; Basso v Miller, 40 NY2d 233, 241 [1976]). In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, “it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence” (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560 [2005]; see Fontana v R.H.C. Dev., LLC, 69 AD3d 561 [2010]; Bodden v Mayfair Supermarkets, 6 AD3d 372, 373 [2004]).
In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (see Minor v 1265 Morrison, LLC, 96 AD3d 1024 [2012]; Alexander v New York City Hous. Auth., 89 AD3d 969 [2011]; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598 [2008]). Here, even assuming that, as alleged by the plaintiff, a hazardous or defective condition existed, the appellant demonstrated, prima facie, that it neither created the condition nor had actual or constructive notice of the condition. Thus, the appellant established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact. The provisions of the Multiple Dwelling Law and the New York City Administrative Code cited by the plaintiff are inapplicable to the facts of this case (see Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 644 [1996]; Miki v 335 Madison Ave., LLC, 93 AD3d 407 [2012]; Fobbs v Rahimzada, 39 AD3d 811 [2007]; Schiavone v Palumbo, 177 AD2d 1045 [1991]).
Accordingly, the Supreme Court should have granted the appellant’s motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.E, Dillon, Roman and Miller, JJ., concur.