■ MARGARET EGAN, Appellant, v EMERSON ASSOCIATES, LLC, Respondent. [6 NYS3d 600]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered October 11, 2013, which granted the defendant's motion for summary judgment dismissing the complaint, and denied her cross motion for leave to serve a supplemental bill of particulars.

Ordered that the order is affirmed, with costs.

On March 14, 2008, the plaintiff allegedly sustained personal injuries when she tripped and fell on a step located in the interior staircase of property owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries, alleging, among other things, that the defendant's negligence in placing a potted plant on the landing of the staircase caused the accident. In the order appealed from, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for leave to serve a supplemental bill of particulars.

An owner of property has a duty to maintain the property in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Basso v Miller*, 40 NY2d 233, 241 [1976]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898

[2013]). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, 'it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence' " (*Kruger v Donzelli Realty Corp.*, 111 AD3d at 898, quoting *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]). Thus, in a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the defective condition nor had actual or constructive notice of its existence (*see Kruger v Donzelli Realty Corp.*, 111 AD3d at 898; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]).

The evidence submitted in support of the defendant's motion demonstrated, prima facie, that no dangerous or defective condition existed on the staircase at the time of the accident. In any event, this evidence, as well as the plaintiff's deposition transcripts, demonstrated that, contrary to the plaintiff's contention, a potted plant that was on the landing of the staircase on the date of the accident was not a proximate cause of her accident. While generally it is for the trier of fact to determine the issue of proximate cause, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts (*see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her cross motion for leave to serve a supplemental bill of particulars, which was made on the eve of trial (*see American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.*, 68 AD3d 792, 794 [2009]). Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.