▪ Edward Kiskiel et al., Respondents, v Stone Edge Management, Inc., Appellant. [11 NYS3d 207]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated October 31, 2014, which

denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff Edward Kiskiel (hereinafter the injured plaintiff) allegedly was injured during the course of his employment as a New York City sanitation worker when he slipped and fell on a puddle of wet paint in a parking lot. At the time of the accident, a condominium complex adjoining the parking lot, known as Park Plaza Condominiums, had an easement over the parking lot for, inter alia, trash storage and pickup. Park Plaza Condominiums' property was managed by the defendant, Stone Edge Management, Inc. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint.

"A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discovery and remedy it" (*Derise v Jaak 773, Inc.*, 127 AD3d 1011, 1011 [2d Dept 2015]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it did not create or have actual or constructive notice of the allegedly hazardous condition. In support of its motion, the defendant submitted, inter alia, transcripts of the deposition testimony of its president and of the injured plaintiff. The defendant's president testified that the superintendent of the building would take garbage from the building to a trash pick-up point in the parking lot. However, condominium owners also had access to the trash pick-up point and could take out their own garbage. The defendant's president further testified that its employees inspected the parking lot on a daily basis and there were no complaints of paint in the parking lot. The injured plaintiff testified that, before he slipped and fell, he had thrown 20 to 30 bags full of garbage that were in the parking lot into a garbage truck. The injured plaintiff further testified that he did not observe the puddle of paint until after he fell. After he fell, he observed paint leaking

from one of the garbage bags that had been thrown into the garbage truck. The defendant's submissions demonstrated that the defendant did not have actual or constructive notice of the condition, which was transient and not visible prior to the accident. Moreover, there was no evidence, only speculation, that the defendant created the condition, which could have been caused by anyone with access to the trash pick-up point. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Xhika v Trizechahn Regional Pooling, LLC*, 49 AD3d 719, 720 [2008]; *Gatanas v Picnic Garden B.B.Q. Buffet House*, 305 AD2d 457 [2003]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, the plaintiffs' remaining contention need not be addressed. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.