In an action to recover damages for personal injuries, etc., *755 the defendants appeal from an order of the Supreme Court, Nassau County (McCormack, J.), entered April 2, 2014, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On December 21, 2008, the plaintiff Margaret Bender (hereinafter the injured plaintiff), and her husband, the plaintiff Raymond Bender (hereinafter together the plaintiffs), were at the defendant Cemetery of the Holy Rood (hereinafter the Cemetery) to visit grave sites of family members and friends. The injured plaintiff alleged that the cemetery grounds were saturated after a recent rain and there was snow and ice on the ground. She further alleged that as she was searching for a headstone, she began to sink into the soil and, although she tried to move out of the area, she sank into the soil up to her mid-calf. In order to extricate herself from the soil, the injured plaintiff alleged that she was forced to throw herself to the ground and grab onto a nearby headstone, which she used to pull herself out of the soil, with the assistance of her husband.
The plaintiffs commenced this action against the Cemetery and the Roman Catholic Diocese of Rockville Centre (hereinafter together the defendants), alleging that the injured plaintiff sustained injuries as a result of the accident, including a fractured wrist. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendants appeal.
A property owner has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; Basso v Miller, 40 NY2d 233 [1976]; Martino v Patmar Props., Inc., 123 AD3d 890 [2014]; Friedman v 1753 Realty Co., 117 AD3d 781 [2014]). In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Martino v Patmar Props., Inc., 123 AD3d at 890; Kruger v Donzelli Realty Corp., 111 AD3d 897 [2013]; Bravo v 564 Seneca Ave. Corp., 83 AD3d 633, 634 [2011]; Bloomfield v Jericho Union Free School Dist., 80 AD3d 637, 638 [2011]; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 598 [2010]).
Here, the Supreme Court properly concluded that the defendants failed to demonstrate, prima facie, that they did not create the alleged dangerous or defective condition. The defendants’ submissions included evidence that a grave had recently been dug in the area where the injured plaintiff sank *756 into the ground, and that topsoil had been added three days after interment so as to bring the grave back to grade level. Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied their motion for summary judgment without regard to the sufficiency of the plaintiffs’ opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.