■ VERA CHUDINOVA, Appellant, v ARKADY KLEYNER et al., Respondents. [14 NYS3d 126]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated November 20, 2013, which granted the defendants' motion for summary judgment dismissing the complaint and denied her cross motion to preclude the defendants from offering certain expert affidavits and photographs at trial based upon their alleged failure to comply with discovery demands.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell on the step of an outdoor staircase while exiting the rear of the defendants' residence. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries.

Property owners have a duty to maintain the property in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Basso v Miller*, 40 NY2d 233 [1976]; *Martino v Patmar Props., Inc.*, 123 AD3d 890 [2014]; *Friedman v 1753 Realty Co.*, 117 AD3d 781 [2014]). In a premises liability case, a defendant property owner who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (*see Sperling v Wyckoff Hgts. Hosp.*, 129 AD3d 826, 827 [2d Dept 2015]; *Martino v Patmar Props., Inc.*, 123 AD3d at 890; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897 [2013]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]). To constitute constructive notice, a dangerous condition must be visible and apparent and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Cassidy v City of New York*, 121 AD3d 735 [2014]; *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of both the plaintiff and the defendant Arkady Kleyner, which demonstrated that the defendants neither created the defect which allegedly caused the plaintiff to fall, nor had actual or constructive notice of its existence prior to the subject accident (*see D'Ippolito v Shop-Rite Supermarkets, Inc.*, 115 AD3d 703 [2014]; *Ingram v Long Is. Coll. Hosp.*, 101 AD3d 814 [2012]; *Mantzoutsos v 150 St. Produce Corp.*, 76 AD3d 549 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in denying her cross motion to preclude the defendants from offering certain expert affidavits and photographs at trial, made on the ground that the defendants did not disclose this evidence prior to the filing of the note of issue (*see generally Begley v City of New York*, 111 AD3d 5 [2013]; *Rivers v Birnbaum*, 102 AD3d 26, 31 [2012]; *see also Conte v Frelen Assoc., LLC*, 51 AD3d 620 [2008]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion to preclude the defend-

ants from offering certain expert affidavits and photographs at trial based upon their alleged failure to comply with discovery demands. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.