■ MARIA UGBOMAH, Appellant, v EDISON PARKING CORPORATION et al., Respondents. [16 NYS3d 772]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 27, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she fell at her place of employment. The plaintiff applied for and received Workers' Compensation benefits from her employer's insurance carrier. The plaintiff also commenced this action against the defendant Edison Second Avenue Ministorage Properties, LLC, which owned the premises, the defendant Manhattan Mini Storage, LLC, the alleged manager of the defendant owner, and Edison Parking Corporation, the alleged manager of all "Edison" entities that are limited liability companies, including the plaintiff's employer, which is not a party to this action. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of it, and that the action was barred by the Workers' Compensation Law. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, concluding that the action was barred by the Workers' Compensation Law. We affirm, but on a different ground.

Contrary to the contention of the defendants and the conclusion of the Supreme Court, the defendants failed to establish, prima facie, that this action is barred by the exclusivity provisions of the Workers' Compensation Law (*see Druiett v Brenner*, 193 AD2d 644, 645 [1993]; *cf. Youseff v Malik*, 112 AD3d 617, 618 [2013]). Nevertheless, the defendants were properly awarded summary judgment.

In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence (*see McGough v Cryan, Inc.*, 111 AD3d 900 [2013]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897 [2013]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.