■ SANDRA CASIANO, Appellant, v ST. MARY'S CHURCH et al., Defendants/Third-Party Plaintiffs-Respondents. ATLAS & SONS ASPHALT, INC., et al., Third-Party Defendants. (And Another Third-Party Action.) [22 NYS3d 595]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered April 2, 2014, as granted that branch of the motion of the defendants/third-party plaintiffs, St. Mary's Church and the Diocese of Rockville Centre, which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendants/third-party plaintiffs.

The plaintiff alleged that on May 12, 2008, she tripped and fell when she stepped in a hole in a parking lot owned by St. Mary's Church and the Diocese of Rockville Centre (hereinafter together the church defendants). According to the plaintiff, the hole was full of water and covered by leaves. The church defendants moved, inter alia, for summary judgment dismissing the complaint, and the Supreme Court granted that branch of their motion.

The church defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law on the grounds that the condition complained of was not a dangerous condition (*see Doughim v M & US Prop., Inc.*, 120 AD3d 466, 468 [2014]), or that the condition was open and obvious and not inherently dangerous as a matter of law (*see Barris v One Beard St., LLC*, 126 AD3d 831, 833 [2015]; *Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813, 815 [2012]; *Cassone v State of New York*, 85 AD3d 837 [2011]). However, the church defendants did demonstrate their prima facie entitlement to judgment as a matter of law by establishing that they did not create the alleged defective condition or have actual or constructive notice thereof (*see Ugbomah v Edison Parking Corp.*, 131 AD3d 1231 [2015]; *Chudinova v Kleyner*, 130 AD3d 859, 861 [2015]; *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1039 [2015]; *Kiskiel v Stone Edge Mgt., Inc.*, 129 AD3d 672, 674 [2015]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme

Court properly granted that branch of the church defendants' motion which was for summary judgment dismissing the complaint. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.