In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County, entered June 2, 2015, which, upon an order of the same court (Troia, J.) dated April 17, 2015, granting the defendants’ motion for summary judgment, dismissed the complaint. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512 [a]).
Ordered that the judgment is affirmed, with costs.
*1104 On November 8, 2012, the plaintiff, a tenant in a two-family house on Staten Island owned by the defendants, allegedly was injured when she slipped and fell due to an accumulation of water on the bathroom floor of her apartment. According to the plaintiff, the water accumulation was caused by a malfunctioning toilet. In September 2013, the plaintiff commenced this action against the defendants. After discovery was completed, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.
“In a premises liability case, a defendant property owner who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence” (Chudinova v Kleyner, 130 AD3d 859, 860 [2015]; see Kiskiel v Stone Edge Mgt., Inc., 129 AD3d 672 [2015]; DeLeon v Westhab, Inc., 60 AD3d 888 [2009]). “To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit a defendant to discover and remedy it” (Gonzalez v Jenel Mgt. Corp., 11 AD3d 656, 656 [2004]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Proof of a defendant’s general awareness of some dangerous condition is legally insufficient to constitute constructive notice of the particular condition that allegedly caused a plaintiff to fall (see Piacquadio v Recine Realty Corp., 84 NY2d 967 [1994]; Gonzalez v Jenel Mgt. Corp., 11 AD3d 656 [2004]; Kershner v Pathmark Stores, 280 AD2d 583 [2001]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the alleged water condition that caused the plaintiff to fall and sustain injuries (see Chudinova v Kleyner, 130 AD3d 859 [2015]; Taylor v Jaslove, 61 AD3d 743 [2009]; Alvarez v American Intl. Realty Corp., 60 AD3d 793 [2009]). In support of their motion, the defendants submitted excerpts from the plaintiff’s deposition transcript indicating that she did not see any water on the bathroom floor when she entered, and she only noticed it after she fell because her nightgown was wet. Moreover, although the plaintiff complained to the defendant Marcelle Rizkalla in June 2012 about the toilet handle making noise and being hard to push, at no time prior to her fall did she complain to the defendants about water on the bathroom floor. The defendants also submitted excerpts from their deposition transcripts in which they demonstrated that they never *1105 changed any parts to the toilet or its tank, and that prior to this occurrence, the plaintiff never complained about any water on the bathroom floor or any leakage from the toilet. Further, while the defendant Marcelle Rizkalla adjusted the toilet handle a few months before the plaintiff’s accident, she never observed any water leaking onto the bathroom floor.
In opposition to the defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact (see Taylor v Jaslove, 61 AD3d at 744). The defendants’ general awareness of a potential problem with the toilet handle was not sufficient to establish constructive notice of the particular condition which caused the plaintiff to fall (see Piacquadio v Recine Realty Corp., 84 NY2d at 969; Waterman v New York Univ., 70 AD3d 1033 [2010]; Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017 [2010]; Gonzalez v Jenel Mgt. Corp., 11 AD3d at 657).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.