■ JOAN BEHRENS, Appellant, v NORTH MERRICK FRUITS, INC., Doing Business as PATS FARMS, Respondent. [50 NYS3d 161]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered May 18, 2016, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for leave to supplement or amend her bill of particulars.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when, while exiting the defendant's store while pushing a shopping cart she was using to transport two 40-pound bags of topsoil that were stacked vertically in the child seat portion thereof, the cart tipped over causing her to fall. The plaintiff thereafter commenced this action against the defendant to recover damages for personal injuries, alleging that the slope of the exit ramp of the store was unreasonably steep and unsafe and caused her to fall. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for leave to supplement or amend her bill of particulars. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. We affirm.

The owner of property has a duty to maintain his or her property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; *Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950, 950 [2016]). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Witkowski v Island Trees Pub. Lib.*, 125 AD3d 768, 769 [2015]; *Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d 773, 773 [2013]; *Fontana v R.H.C. Dev., LLC*, 69 AD3d 561, 562 [2010]). In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (*see Bender v Cemetery of the Holy Rood*, 129 AD3d 754, 756 [2015]; *Martino v Patmar Props., Inc.*, 123 AD3d 890, 891 [2014]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that it neither created any alleged dangerous or defective condition with respect to the subject ramp nor had notice of any alleged dangerous or defective condition with respect to it. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to supplement or amend her bill of particulars. Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.