In an action to recover damages for personal injuries, the defendants Hermes Realty, LLC, and 535 Realty Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated September 30, 2015, as denied those branches of their motion which were for summary judgment dismissing the amended complaint insofar as asserted against them and for summary judgment on their cross claims for contractual and common-law indemnification against the defendants Seres & Schwartz, Paul Seres, and James D. Schwartz.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
 

 The plaintiff alleges that he was injured when he slipped and fell exiting the lobby of an office building owned by the defendant Hermes Realty, LLC, and managed by the defendant 535 Realty Management Corp. (hereinafter together the Realty defendants). According to the plaintiff, he slipped on water which he observed immediately after he fell. The water was exposed when a floor mat was removed from the area where the plaintiff fell by the defendant Stephen Hughes who, at the time of the plaintiff’s accident, was helping the defendant James D. Schwartz, a partner in the defendant law firm Seres & Schwartz, to move the law firm’s furniture into the building. According to the Realty defendants’ deposition testimony, the floor in the building lobby was scheduled to be wet mopped on the Friday afternoon prior to the plaintiff’s accident on Monday, and the Realty defendants’ maintenance personnel were instructed, as part of their process, to remove the floor mats in the lobby and put them back in place after the floor was mopped dry.
 

 The plaintiff commenced this action against, among others, the Realty defendants, alleging negligence. Following discovery, the Realty defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them and on their cross claims for contractual and common-law indemnification against the defendants Seres & Schwartz, Paul Seres, and James D. Schwartz (hereinafter collectively the Schwartz defendants), which the Supreme Court denied in its entirety. The Realty defendants appeal.
 

 A landowner has a duty to maintain his or her premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241 [1976]; Egan v Emerson Assoc., LLC, 127 AD3d 806, 806 [2015]). “To impose liability on a defendant for a slip and fall on an alleged dangerous condition on a floor, there must be evidence that the dangerous condition existed, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time” (Moody v Woolworth Co., 288 AD2d 446, 446 [2001]; see Egan v Emerson Assoc., LLC, 127 AD3d at 806). A defendant property owner who moves for summary judgment in a slip- and fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition nor had actual or constructive notice of it (see Behrens v North Merrick Fruits, Inc., 148 AD3d 972, 973 [2017]; Warren v Walmart Stores, Inc., 105 AD3d 732, 733 [2013]).
 

 Here, the Realty defendants failed to eliminate all triable issues of fact as to whether the alleged accumulation of water on which the plaintiff slipped and fell was created by its maintenance personnel prior to the accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Since the Realty defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the amended complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff’s opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
 

 The Supreme Court also properly denied those branches of the Realty defendants’ motion which were for summary judgment on its cross claims for contractual and common-law indemnification against the Schwartz defendants, since the Realty defendants did not establish that they were free from negligence in the happening of the plaintiff’s accident (see Bleich v Metropolitan Mgt., LLC, 132 AD3d 933, 934 [2015]; Sellitti v TJX Cos., Inc., 127 AD3d 724, 726 [2015]).
 

 The Realty defendants’ remaining contention is without merit.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.