In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Martin, J.), dated February 2, 2017, which denied their motion for summary judgment dismissing the complaint.
 

 Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
 

 The plaintiff Diane Carriero (hereinafter the plaintiff) allegedly sustained personal injuries at the defendants’ cemetery in Nassau County. As alleged by the plaintiff, she was visiting the graves of her family members and was walking behind her father when she took a step near one of the headstones and her left foot began to sink into the ground. The spot where her foot sank into the ground was covered with grass, and it appeared to be level. According to the plaintiff, her father had stepped in the exact spot seconds before her accident without incident. The plaintiff, and her husband suing derivatively, commenced this action against the defendants, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
 

 In a premises liability case, a defendant who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Gauzza v GBR Two Crosfield Ave. LLC, 133 AD3d 710, 710-711 [2015]; Bender v Cemetery of the Holy Rood, 129 AD3d 754, 755 [2015]; Kruger v Donzelli Realty Corp., 111 AD3d 897, 898 [2013]). To constitute constructive notice, a dangerous condition “must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy it” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
 

 Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create or have actual or constructive notice of the subject dangerous condition before the incident occurred (see Gauzza v GBR Two Crosfield Ave. LLC, 133 AD3d at 710; Sinclair v Chau, 117 AD3d 713, 714 [2014]; cf. Bender v Cemetery of the Holy Rood, 129 AD3d at 755-756; Kudlack v Diocese of Rockville Ctr., 81 AD3d 694, 695 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.