Mustafaj v Macri (2018 NY Slip Op 04554)





Mustafaj v Macri


2018 NY Slip Op 04554


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2017-03456
 (Index No. 59533/15)

[*1]Mone Mustafaj, appellant, 
v
Rosario Macri, et al., respondents.


The Cakani Law Firm, P.C., New York, NY (Ylli Cakani of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated March 20, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured in the backyard of residential premises owned by the defendants when a chair she was sitting in fell over. The chair allegedly fell over because, when the plaintiff sat down, the chair sank into a hole in the lawn that was concealed by grass. The plaintiff commenced this action to recover damages for personal injuries. The defendants thereafter moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Landowners have a duty to maintain their property in a reasonably safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, and the burden of avoiding the risk (see Basso v Miller, 40 NY2d 233, 241; Lee v Acevedo, 152 AD3d 577). Contrary to the defendants' contention, viewing the evidence in the light most favorable to the plaintiff, the defendants failed to demonstrate, prima facie, that the alleged concealed hole in the lawn was a " naturally occurring topographic condition,'" inherent in the nature of the property, that the defendants " could not reasonably be expected to remedy'" (Weisberg v Town of Wallkill Boys & Girls Club, Inc., 126 AD3d 787, 788, quoting Demuth v Best Buy Stores, L.P., 85 AD3d 713, 714; cf. Commender v Strathmore Ct. Home Owners Assn., 151 AD3d 1014, 1015; Groom v Village of Sea Cliff, 50 AD3d 1094; see also Casiano v St. Mary's Church, 135 AD3d 685).
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating, prima facie, that they did not create the allegedly dangerous condition or have actual or constructive notice of it prior to the subject accident (see Carriero v St. Charles/Resurrection Cemetery, 156 AD3d 858; Sinclair v Chau, 117 AD3d 713, 714). However, in opposition, the plaintiff raised a triable issue of fact, at least, as to whether the defendants had actual notice of the condition prior to the accident.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court