Jin Hee Son v Zafiara Realty, Inc. (2023 NY Slip Op 03772)

Jin Hee Son v Zafiara Realty, Inc.

2023 NY Slip Op 03772

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-02414
2021-02415
 (Index No. 709032/19)

[*1]Jin Hee Son, appellant, 
v
Zafiara Realty, Inc., defendant third-party plaintiff-respondent, et al., defendant; Total Beauty Supplies, Ltd., etc., et al., third-party defendants-respondents.

Vishnick McGovern Milizio LLP, Lake Success, NY (Richard H. Apat and Thomas Weiss of counsel), for appellant.
Hannum, Feretic, Prendergast & Merlino, LLC, New York, NY (Riad Hamai of counsel), for defendant third-party plaintiff-respondent.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Vevante of counsel), for third-party defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered March 4, 2021, and (2) a judgment of the same court entered March 30, 2021. The order, insofar as appealed from, granted those branches of the motion of the third-party defendants and the separate motion of the defendant third-party plaintiff which were for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff, and denied the plaintiff's cross-motion, inter alia, to impose sanctions for spoliation of evidence. The judgment, upon the order, is in favor of the defendant third-party plaintiff and against the plaintiff dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendants and the defendant third-party plaintiff appearing separately and filing separate briefs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff alleged that in June 2017, when entering a building in Manhattan, a metal security gate fell on top of her, pinning her to the ground. At the time of the accident, the [*2]building was owned by the defendant third-party plaintiff, Zafiara Realty, Inc. (hereinafter Zafiara), and the ground floor was leased by Zafiara to the third-party defendant 315 Management Corp. (hereinafter 315 Management), the plaintiff's employer, which ran a beauty supply store out of that space. The metal gate at issue was located at the front of the store.
On May 20, 2019, the plaintiff commenced the instant personal injury action against Zafiara and another defendant. As to Zafiara, the plaintiff alleged that Zafiara owned, operated, and maintained the building where the accident occurred, and that it was negligent in, among other things, its maintenance and repair of the subject premises, including the metal gate at issue. On June 27, 2019, Zafiara commenced a third-party action against the third-party defendants, Total Beauty Supplies, Ltd. (hereinafter Total Beauty), and 315 Management.
Total Beauty and 315 Management moved, inter alia, for summary judgment dismissing the complaint in the main action insofar as asserted against Zafiara. Zafiara separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved, inter alia, to impose sanctions for spoliation of evidence.
In an order entered March 4, 2021, the Supreme Court, among other things, granted those branches of the motion of Total Beauty and 315 Management and the separate motion of Zafiara which were for summary judgment dismissing the complaint insofar as asserted against Zafiara on the ground that Zafiara was an out-of-possession landlord, and denied the plaintiff's cross-motion. A judgment was subsequently entered dismissing the complaint insofar as asserted against Zafiara. The plaintiff appeals.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see also Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Achee v Merrick Vil., Inc., 208 AD3d 542, 544). Here, Total Beauty and 315 Management, as well as Zafiara, established, prima facie, that Zafiara was an out-of-possession landlord which was not bound by contract or course of conduct to repair the allegedly dangerous condition of the gate. Indeed, they demonstrated their respective prima facie entitlements to judgment as a matter of law dismissing the complaint insofar as asserted against Zafiara by submitting, inter alia, the lease between Zafiara and 315 Management that was in effect at the time of the accident, which established that 315 Management enjoyed complete and exclusive possession of the demised premises at the time of the plaintiff's injuries and that Zafiara was not responsible for maintenance of the gate (see King v Marwest, LLC, 192 AD3d 874, 877).
Moreover, in support of those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against Zafiara, Total Beauty and 315 Management, as well as Zafiara, established, prima facie, that the only statute or regulation alleged by the plaintiff in her complaint or bill of particulars as having been violated by Zafiara, Administrative Code of the City of New York § 28-301.1, was inapplicable to impose liability upon Zafiara as an out-of-possession landlord since it merely imposed a general duty, as opposed to a specific duty, upon landowners to maintain their premises (see Sapp v S.J.C. 308 Lenox Ave. Fam. L.P., 150 AD3d 525, 528; McNeil v HMB E. 40th St. Corp., 117 AD3d 997, 998; Miki v 335 Madison Ave., LLC, 93 AD3d 407, 408).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, she failed to establish that those branches of the motion of Total Beauty and 315 Management and the separate motion of Zafiara which were for summary judgment dismissing the complaint insofar as asserted against Zafiara were premature (see CPLR 3212[f]).
The Supreme Court properly denied the plaintiff's cross-motion, inter alia, to impose sanctions for spoliation of evidence based on the fact that said cross-motion was untimely pursuant to a stipulation signed by the attorneys for the plaintiff, Total Beauty and 315 Management, and Zafiara.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court