Greco v St. Bridget's Church at Westbury, Queens Co. (2024 NY Slip Op 05203)

Greco v St. Bridget's Church at Westbury, Queens Co.

2024 NY Slip Op 05203

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-10579
 (Index No. 610873/20)

[*1]Amy Greco, respondent 
v
St. Bridget's Church at Westbury, Queens Co., appellant.

Conway, Farrell, Curtin, & Kelly, P.C., New York, NY (Jonathan Uejio of counsel), for appellant.
Edmond J. Pryor, Bronx, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated September 22, 2023. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly slipped and fell on rainwater in an interior staircase of a building owned by the defendant and leased to the plaintiff's employer. The plaintiff claimed that the rainwater had seeped into the building under a defective exterior door. The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it was an out-of-possession landlord with no duty to make any repairs. In an order dated September 22, 2023, the Supreme Court, among other things, denied the defendant's motion. The defendant appeals.
"An out-of-possession landlord is not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty" (King v Marwest, LLC, 192 AD3d 874, 876 [internal quotation marks omitted]; see Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554, 556; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Insofar as relevant here, the defendant demonstrated, prima facie, that it was an out-of-possession landlord which did not have a contractual duty to maintain the door at issue (see Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554; King v Marwest, LLC, 192 AD3d 874; cf. Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 544). In support of its motion, the defendant submitted, inter alia, a copy of the lease agreement and evidence from its representatives and the tenant's representative, which demonstrated that the tenant was responsible [*2]for maintaining the door. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff improperly asserted a new theory of liability based on violations of the New York State Property Maintenance Code, which was not pleaded in her complaint or bill of particulars (see Barger v Only Props., LLC, 193 AD3d 1027, 1029; Mazurek v Schoppmann, 159 AD3d 814, 815).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court