■ GERALD CANETTI, Appellant, v AMCI, LTD., et al., Respondents, et al., Defendants. [721 NYS2d 398] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated March 19, 1999, as granted the motion of the defendants AMCI, Ltd., and Plastic Center, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On January 17, 1994, the plaintiff was at a building owned by the respondent Plastic Center, Inc., and leased by the respondent AMCI, Ltd. (hereinafter AMCI), to pick up goods for his employer. While inside, the plaintiff saw three men stealing goods from his truck. He told an AMCI employee to open the door leading to a loading dock, which was about four to five feet above the ground. When that employee did so, the plaintiff stepped outside and onto a garbage dumpster located immediately in front of the loading-dock door. The plaintiff allegedly was injured when he lost his balance and fell from the

dumpster to the ground. He brought this action against, among others, the respondents to recover damages for his personal injuries.

Contrary to the plaintiff's contention, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. The presence of the dumpster in front of the loading dock was not an inherently dangerous condition, and it was readily observable. The respondents owed the plaintiff no duty "to warn against a condition that [could] readily be observed by those employing the reasonable use of their senses" (*Tarricone v State of New York*, 175 AD2d 308, 309; *see, Ackermann v Town of Fishkill*, 201 AD2d 441, 443; *Binensztok v Marshall Stores*, 228 AD2d 534, 535).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.