■ DERRICK CALDERON, Appellant, v NYACK HOSPITAL et al., Respondents. [742 NYS2d 65] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), dated February 9, 2001, as granted, in part, the motion of the defendant Nyack Hospital for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was allegedly injured when he was struck by a parking lot bar or gate at the defendant Nyack Hospital (hereinafter the hospital). The hospital moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion to the extent of dismissing those portions of the plaintiff's negligence cause of action alleging that the hospital "was negligent in its ownership, management, control and maintenance of the bar/gate, in creating and maintaining a dangerous and hazardous condition, in allowing an inherently dangerous instrumentality to exist in that the mechanism of the bar/gate was inherently dangerous at that location, that the mechanism was broken, inoperative and in need of repair, and that [the hospital] was negligent in failing to inspect the premises, repair the dangerous condition and/or warn the public."

A landowner has no duty to warn against a condition that is readily observable by those employing the reasonable use of their senses (*see Hughey v Wal-Mart, Inc.,* 275 AD2d 441; *Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664; *Maravalli v Home Depot U.S.A.,* 266 AD2d 437; *Binensztok v Marshall Stores,* 228 AD2d 534). Here, the bar or gate was readily observable and the plaintiff failed to raise a triable issue of fact that it was inherently dangerous. Accordingly, the Supreme Court properly granted the hospital's motion for summary judgment dismissing those allegations of the complaint.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.