LIWAYWAY RAMOS, Appellant, v COOPER INVESTORS, INC., et al., Respondents. [854 NYS2d 149]—

The plaintiff tripped and fell when she failed to notice a curb separating the walkway area in front of the defendants' hotel and an adjacent roadway. After the plaintiff commenced the present action, the defendants moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against the defendants Cooper Investors, Inc., Flushing Center, Inc., and Flushing Center, Inc., doing business as Sheraton LaGuardia East Hotel (hereinafter collectively the respondents). The Supreme Court properly granted those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the respondents.

"A landowner has no duty to warn of conditions that are not inherently dangerous and 'that are readily observable by the reasonable use of one's senses' " (*Pirie v Krasinski*, 18 AD3d 848, 849 [2005], quoting *Pedersen v Kar, Ltd.*, 283 AD2d 625, 625-626 [2001]). The respondents established their prima facie entitlement to judgment as a matter of law by tendering evidence that the height differential between the walkway and the roadway was both open and obvious and not inherently dangerous (*see Pirie v Krasinski*, 18 AD3d at 849; *Behar v All Seasons Motor Lodge*, 6 AD3d 639 [2004]).

In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Behar v All Seasons Motor Lodge*, 6 AD3d at 640). Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.