■ GABRIELLE CARR, Appellant, v MIDTOWN ROCHESTER PROPERTIES, LLC, Respondent and Third-Party Plaintiff. ONESOURCE FACILITY SERVICES, INC., Third-Party Defendant-Respondent. [888 NYS2d 452]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered September 19, 2008 in a personal injury action. The order, insofar as appealed from, granted the motions of defendant and third-party defendant for summary judgment dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendant had constructive notice of the allegedly dangerous condition.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motions are denied in part and the complaint is reinstated insofar as the complaint, as amplified by the bill of particulars, alleges that defendant had constructive notice of the allegedly dangerous condition.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on property owned by defendant/third-party plaintiff (defendant). Supreme Court granted the motions of defendant and third-party defendant for summary judgment dismissing the complaint, and plaintiff contends on appeal only that the court erred in granting the motions insofar as the complaint, as amplified by the bill of particulars, alleges that defendant had constructive notice of the allegedly dangerous condition. We agree with plaintiff's contention on appeal. Defendant and third-party defendant failed to establish as a matter of law that defendant lacked constructive notice of the allegedly dangerous condition (*see Bailey v Curry*, 1 AD3d 1059 [2003]; *Mancini v Quality Mkts.*, 256 AD2d 1177 [1998]), and thus the burden never shifted to plaintiff to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although evidence was submitted in support of the motions concerning general safety practices at the premises, no evidence

was submitted establishing that any inspections were performed on the date of the accident (*see Bailey*, 1 AD3d 1059 [2003]; *Mancini*, 256 AD2d at 1178). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.