■ TAYLOR GONZALEZ et al., Appellants, v NEW YORK RACING ASSOCIATION, INC., et al., Respondents. [893 NYS2d 568]—

The infant plaintiff tripped and fell over a sloped mat which covered electric cables when she was visiting the Big A Fair, held at the Aqueduct Race Track in Jamaica. The infant plaintiff and her mother commenced this action against New York Racing Association, Inc., and Port Authority of New York and New Jersey (hereinafter together NYRA), the lessors and managers

of the race track; National Events Group, Inc., (hereinafter National), the operator of the fair; and the City of New York. National moved for summary judgment dismissing the complaint insofar as asserted against it and, in an order entered April 21, 2005, the Supreme Court granted its motion upon the plaintiffs' default in submitting opposition thereto. The Supreme Court denied the plaintiffs' subsequent motion to vacate the order entered April 21, 2005. NYRA separately moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted NYRA's motion. The plaintiffs appeal from the judgment dismissing the complaint insofar as asserted against NYRA and National. We affirm.

NYRA established its entitlement to judgment as a matter of law by demonstrating that the alleged condition which caused the injured plaintiff to fall was open and obvious and not inherently dangerous as a matter of law (*see Ramos v Cooper Invs., Inc.,* 49 AD3d 623, 624 [2008]; *Behar v All Seasons Motor Lodge,* 6 AD3d 639, 640 [2004]; *Cupo v Karfunkel,* 1 AD3d 48, 52 [2003]; *Pedersen v Kar, Ltd.,* 283 AD2d 625 [2001]; *Canetti v AMCI, Ltd.,* 281 AD2d 381 [2001]). In opposition to this showing, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

In order to prevail on the motion to vacate their default in opposing National's motion for summary judgment, the plaintiffs were required to demonstrate both a reasonable excuse for the default and the existence of a meritorious claim (*see* CPLR 5015 [a] [1]; *Mora v Scarpitta,* 52 AD3d 663 [2008]; *Philippi v Metropolitan Transp. Auth.,* 16 AD3d 654, 655 [2005]; *Sicari v Hung Yuen Wong,* 286 AD2d 489 [2001]). The plaintiffs demonstrated neither. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate the order entered April 21, 2005, granting National's motion for summary judgment upon the plaintiffs' default in opposing it. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.