■ Frances LaPera, as Administrator of Estate of Vincenza Falcone, Deceased, Respondent, v Ralph Montana et al., Appellants. (And a Third-Party Action.) [3 NYS3d 73]—

In an action to recover damages for personal injuries, the defendants Ralph Montana and Gina Montana appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated April 30, 2013, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants U.S. Window Factory, Inc., and Ultra Sash Window Factory, Inc., separately appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants, and the motion of the defendants Ralph Montana and Gina Montana, and the cross motion of the defendants U.S. Window Factory, Inc., and Ultra Sash Window Factory, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted.

On June 12, 2008, the plaintiff's decedent tripped and fell over the lip of the bottom track of a sliding glass door at a home owned by the defendants Ralph Montana and Gina Montana (hereinafter together the Montana defendants) as the decedent was attempting to pass through the doorway. The defendants U.S. Window Factory, Inc., and Ultra Sash Window Factory, Inc. (hereinafter together the Window Factory defendants), had installed the door and track. After the plaintiff commenced this action, the Montana defendants moved, and the Window Factory defendants cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The plaintiff opposed those branches of the motion and cross motion which were for summary judgment dismissing the complaint. Neither the Montana defendants nor the Window Factory defendants opposed the requests for relief addressed to the cross claims. The Supreme Court denied the motion and the cross motion. We reverse.

The submissions of the respective defendants established, prima facie, that the provision of the building code upon which the plaintiff relied was inapplicable and that the door and track complied with all applicable code provisions (*see DeCourcey v Briarcliff Cong. Church*, 104 AD3d 799 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact in that regard (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Indeed, she failed to demonstrate that the code provision upon which she relied was in effect at the time the subject home was built, or that the home underwent significant repairs or adjustments which would bring it under the coverage of that provision (*see DeCourcey v Briarcliff Cong. Church*, 104 AD3d 799 [2013]; *Ryan v KRT Prop. Holdings, LLC*, 45 AD3d 663 [2007]; *Meehan v David J. Hodder & Son, Inc.*, 13 AD3d 593, 594 [2004]).

Additionally, while the absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles (*see DeCourcey v Briarcliff Cong. Church*, 104 AD3d 799 [2013]; *Zebzda v Hudson St., LLC*, 72 AD3d 679, 680 [2010]), here, the defendants' submissions demonstrated, prima facie, that the alleged hazardous condition was open and obvious and not inherently dangerous (*see DeCourcey v Briarcliff Cong. Church*, 104 AD3d 799 [2013]; *Schwartz v Hersh*, 50 AD3d 1011 [2008]). A landowner has no duty to warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses (*see Ramos v Cooper Invs., Inc.*, 49 AD3d 623 [2008]; *Pirie v Krasinski*, 18 AD3d 848 [2005]). The respective defend-

ants tendered evidence which established, prima facie, that the height differential between the track and the floor was both open and obvious and not inherently dangerous (*see Pirie v Krasinski*, 18 AD3d at 849; *Behar v All Seasons Motor Lodge*, 6 AD3d 639 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact in that regard (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Behar v All Seasons Motor Lodge*, 6 AD3d at 640).

Accordingly, the Supreme Court should have granted the motion of the Montana defendants and the cross motion of the Window Factory defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.