■ MARIA J. LOPES et al., Appellants, v ANTHONY ROSS et al., Respondents. [5 NYS3d 476]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered November 14, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiffs' cross motion to compel additional discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiffs' cross motion to compel additional discovery as academic, and substituting therefor a provision denying the cross motion on the merits; as so modified, the order is affirmed, with costs to the respondents.

The plaintiff Maria J. Lopes (hereinafter the injured plaintiff) was employed by the defendants as a housekeeper and babysitter. She allegedly sustained personal injuries when she hit her head on a ceiling beam at the defendants' home while attempting to descend a bunk bed ladder. At her deposition, the injured plaintiff testified that she had been working for the defendants for approximately one year and that she had changed the linens on the top bunk approximately 50 times prior to the accident. She also admitted that she was aware of the ceiling beam and its location in relation to the bunk bed ladder. The defendants moved for summary judgment dismissing the complaint. The plaintiffs cross-moved to compel additional discovery, notwithstanding that the plaintiffs had already filed a note of issue and certificate of readiness. The

Supreme Court granted the motion for summary judgment dismissing the complaint and denied the cross motion as academic.

The plaintiffs contend on appeal that their cross motion for additional discovery is not academic because a deposition of the defendants' expert, and allowing the plaintiffs to retain their own expert, would reveal the existence of triable issues of fact. Thus, they contend that the Supreme Court erred in denying their cross motion as academic, and assert that the cross motion should have been granted. "Where additional discovery is sought more than 20 days after the filing of the note of issue, the moving party must demonstrate unusual or unanticipated circumstances and substantial prejudice absent the additional discovery" (*Blinds To Go [US], Inc. v Times Plaza Dev., L.P.*, 111 AD3d 775, 775 [2013]). In support of their cross motion to compel additional discovery, the plaintiffs failed to demonstrate any unusual or unanticipated circumstance which would warrant vacating the note of issue and ordering additional discovery. Similarly, the plaintiffs did not make a showing of special circumstances so as to entitle them to depose the defendant's expert (*see id.* at 776). Therefore, as the respondents correctly contend, the plaintiffs' cross motion should have been denied on the merits.

Contrary to the plaintiffs' contention, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the location of the bunk bed in relation to the ceiling beam was not an inherently dangerous condition and was readily observable by the reasonable use of one's senses (*see Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473, 474 [2004]; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]; *Canetti v AMCI, Ltd.*, 281 AD2d 381 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Calderon v Nyack Hosp.*, 293 AD2d 562 [2002]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Skelos, Roman and Cohen, JJ., concur.