Wittman v Nespola (2021 NY Slip Op 00454)





Wittman v Nespola


2021 NY Slip Op 00454


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-12225
 (Index No. 513746/17)

[*1]Linda Wittman, appellant,
v
Christine Nespola, respondent.


Baron Associates, P.C. (Pollack Pollack Isaac & DeCicco, New York, NY [Brian J. Isaac, Michael H. Zhu, and Greg Freedman], of counsel), for appellant.
Law Offices of Correia, King, McGinnis & Liferiedge, New York, NY (Nigeria S. Aljure of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated August 16, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly sustained personal injuries when she tripped and fell over a twig on the sidewalk abutting the multifamily dwelling in Brooklyn in which she rented an apartment. The plaintiff commenced this action against the defendant, the owner of the subject property, to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, failing to provide adequate lighting. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241; Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453). "In a premises liability case, a defendant [real] property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Kyte v Mid-Hudson Wendico, 131 AD3d at 453; see Pampalone v FBE Van Dam, LLC, 123 AD3d 988, 989). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
Here, the defendant failed to establish, prima facie, that she lacked constructive notice of the alleged dangerous conditions—to wit, the twig on the sidewalk and inadequate lighting on the premises, or that these conditions were not a proximate cause of the plaintiff's fall (see Eksarko v [*2]Associated Supermarket, 155 AD3d 826, 827; Pajovic v 94-06 34th Rd. Realty Co., LLC, 152 AD3d 781, 781; Gestetner v Teitelbaum, 52 AD3d 778; Swerdlow v WSK Props. Corp., 5 AD3d 587). Since the defendant failed to meet her initial burden as the movant, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court