Clark v Stop & Shop Supermarket Co., LLC (2022 NY Slip Op 02389)

Clark v Stop & Shop Supermarket Co., LLC

2022 NY Slip Op 02389

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-03239
 (Index No. 505804/17)

[*1]Ciara Clark, respondent, 
v
Stop & Shop Supermarket Company, LLC, appellant.

Cullen & Dykman, LLP, Garden City, NY (Nicholas M. Cardascia of counsel), for appellant.
Law Offices of Robert A. Flaster, P.C., New York, NY (Jonathan A. Fier and Joshua S. Perlman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 4, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained when she slipped and fell on oil in an aisle of the defendant's supermarket. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendant appeals.
"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038; see Diers v King Kullen Grocery Co., Inc., 134 AD3d 666; Payen v Western Beef Supermarket, 106 AD3d 710). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (see Finch v Dake Bros., Inc., 139 AD3d 1001, 1002; Yioves v T.J. Maxx, Inc., 29 AD3d 572, 573). "The court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist" (Doize v Holiday Inn Ronkonkoma, 6 AD3d 573, 574 [internal quotation marks omitted]).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged slippery condition (see Negri v Stop & Shop, 65 NY2d 625; Field v Waldbaum, Inc., 35 AD3d 652, 653; Catanzaro v King Kullen Grocery Co., 194 AD2d 584). In light of the conflicting evidence submitted by the defendant in support of its motion, the defendant failed to meet its initial burden as the movant.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court