Hunt v Dolgencorp of N.Y., Inc. (2022 NY Slip Op 04471)

Hunt v Dolgencorp of N.Y., Inc.

2022 NY Slip Op 04471

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

403 CA 21-00854

[*1]MAKEYIA HUNT, PLAINTIFF-APPELLANT,
v
DOLGENCORP OF NEW YORK, INC., AND 9274 GROUP, INC., DEFENDANTS-RESPONDENTS. 

THE TARANTINO LAW FIRM, LLP, BUFFALO (JACOB A. PIORKOWSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (THOMAS J. DEBERNARDIS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered June 2, 2021. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on a clear liquid while walking down an aisle in a Dollar General Store owned by defendant 9274 Group, Inc., which leased the premises to defendant Dolgencorp of New York, Inc. Following discovery, defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they did not create the dangerous condition that caused plaintiff's accident and lacked actual or constructive notice of it. Supreme Court granted the motion, and plaintiff appeals. We affirm.
The only disputed issue on appeal is whether defendants had constructive notice of the dangerous condition in the store. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History , 67 NY2d 836, 837 [1986]). Here, defendants met their initial burden of establishing the lack of constructive notice as a matter of law through the affidavit of the assistant store manager, who stated that she inspected the premises every 30 minutes to check for safety hazards, and that she walked down the aisle in question approximately 15 minutes before plaintiff fell and did not see anything on the floor. The assistant manager offered deposition testimony that is generally consistent with her affidavit. The burden thus shifted to plaintiff to raise a triable issue of fact (see generally Alvarez v Prospect Hosp ., 68 NY2d 320, 324 [1986]), and plaintiff failed to meet that burden.
In opposition to the motion, plaintiff relied largely on footage from surveillance cameras inside the store that, according to plaintiff, call into question the assistant manager's assertions that she inspected the area 15 minutes before the accident. Based on our review of the relevant footage, which does not capture the area where plaintiff fell, we conclude that it neither confirms nor refutes the sworn assertions of the assistant manager with respect to her inspection of that area, and that the court therefore properly concluded that plaintiff failed to raise an issue of fact sufficient to defeat defendants' motion for summary judgment.
We have reviewed plaintiff's remaining contentions and conclude that they lack merit.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court