Tsokolakyan v Tiffany Mgt., Ltd. (2022 NY Slip Op 06513)

Tsokolakyan v Tiffany Mgt., Ltd.

2022 NY Slip Op 06513

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-13021
2019-13430
 (Index No. 510830/16)

[*1]Nina Tsokolakyan, appellant, 
v
Tiffany Management, Ltd., respondent, et al., defendants.

Souren A. Israelyan, New York, NY, for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski and Lorin A. Donnelly of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated October 24, 2019, and (2) an amended order of the same court dated November 14, 2019. The order and the amended order granted the motion of the defendant Tiffany Management, Ltd., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,
ORDERED that the amended order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Tiffany Management, Ltd.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell over an entrance doorstep while exiting a pizzeria located in a building owned by the defendant Tiffany Management, Ltd. (hereinafter Tiffany Management). The plaintiff alleged, inter alia, that Tiffany Management negligently maintained the doorstep, and that the doorstep violated the 2008 Building Code of the City of New York (hereinafter the 2008 Building Code). Following discovery, Tiffany Management moved for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it was an out-of-possession landlord, that the 2008 Building Code did not govern the condition of the entrance doorstep because construction of the subject premises predated that code, and that the entrance step was not inherently dangerous. In an amended order dated November 14, 2019, the Supreme Court granted Tiffany Management's motion. The plaintiff appeals.
The Supreme Court properly granted Tiffany Management's motion for summary judgment dismissing the complaint insofar as asserted against it. Initially, we agree with the plaintiff that Tiffany Management failed to establish, as a matter of law, that it was an out-of-possession landlord with respect to the entrance doorstep. The copy of the relevant lease submitted by Tiffany [*2]Management states, in part, that Tiffany Management "shall maintain in proper order and repair the exterior of the Premises," and that the tenant was permitted to make only "non-structural" improvements and repairs. Under these circumstances, a triable issue of fact exists as to Tiffany Management's responsibility to maintain the entrance doorstep (see McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714; Taylor v Lastres, 45 AD3d 835, 836; Massucci v Amoco Oil Co., 292 AD2d 351, 351).
Nevertheless, Tiffany Management established its entitlement to judgment as a matter of law with evidence demonstrating that the provision of the 2008 Building Code relied upon by the plaintiff did not apply to the entrance doorstep (see LaPera v Montana, 124 AD3d 844, 845; DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 801), and that the entrance doorstep was otherwise open and obvious and not inherently dangerous (see Masker v Smith, 188 AD3d 867, 868; Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d 912, 914; Zeolla v Town of Stanford, 134 AD3d 1100, 1101; Nelson v 40-01 N. Blvd. Corp., 95 AD3d 851, 852; Ryan v Richmond County Yacht Club, Inc., 83 AD3d 1036, 1036-1037). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the entrance doorstep was an actionable defect (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d at 914). Contrary to the plaintiff's contention, the affidavit of her expert failed to demonstrate that the subject premises underwent repairs which would bring the entrance doorstep under the coverage of the 2008 Building Code (see LaPera v Montana, 124 AD3d at 845; DeCourcey v Briarcliff Cong. Church, 104 AD3d at 801).
In light of our determination, we need not reach the plaintiff's remaining contention.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court