Carey v Walt Whitman Mall, LLC (2023 NY Slip Op 01773)

Carey v Walt Whitman Mall, LLC

2023 NY Slip Op 01773

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2021-01488
 (Index No. 600207/18)

[*1]Giovanna Carey, appellant-respondent, 
v
Walt Whitman Mall, LLC, et al., respondents-appellants, ABB Restaurant Group, Inc., etc., respondent.

Feldman, Kramer & Monaco, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Gregory Freedman], of counsel), for appellant-respondent.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Vevante of counsel), for respondents-appellants.
Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Christopher J. Power of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Walt Whitman Mall, LLC, and Saks Fifth Avenue, LLC, cross-appeal, from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated January 26, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant ABB Restaurant Group, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants Walt Whitman Mall, LLC, and Saks Fifth Avenue, LLC, which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them and on their cross-claim for contractual indemnification.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant ABB Restaurant Group, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendant ABB Restaurant Group, Inc.
The plaintiff was allegedly injured when she slipped and fell in a restaurant operated by the defendant ABB Restaurant Group, Inc. (hereinafter ABB). The restaurant was located within premises allegedly leased to the defendant Saks Fifth Avenue, LLC (hereinafter Saks Fifth, LLC), by the defendant Walt Whitman Mall, LLC (hereinafter WWM). ABB operated the restaurant in that space pursuant to a food services agreement with nonparty Saks & Company, LLC.
The plaintiff commenced this action against Saks Fifth, LLC, and WWM (hereinafter together the mall defendants), as well as ABB, to recover damages for personal injuries. After discovery, ABB moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The mall defendants cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, and on their cross-claim for contractual indemnification. By order dated January 26, 2021, the Supreme Court granted the motion and denied the cross-motion. The plaintiff appeals and the mall defendants cross-appeal.
As the plaintiff correctly contends, ABB failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. A defendant in a premises liability action who moves for summary judgment has the initial burden of making a prima facie showing that no dangerous condition existed on the premises or that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 608; Ingram v Costco Wholesale Corp., 117 AD3d 685, 685).
Here, ABB failed to eliminate triable issues of fact as to whether a dangerous condition existed on the premises. Although ABB's witness testified at a deposition that the floor on which the plaintiff fell was dry, ABB also submitted, in support of its motion, a transcript of the plaintiff's deposition testimony, in which she testified that the floor was wet at the time of her accident. Further, even if a surveillance video allegedly depicting the incident was properly authenticated and should have been considered, the video did not demonstrate, prima facie, that no dangerous condition existed on the premises. ABB further failed to demonstrate, prima facie, that it lacked constructive notice of the alleged dangerous condition. Although ABB's witness testified that the accident occurred five minutes after the witness had entered the restaurant and observed the floor to be dry, the plaintiff testified that the accident occurred at least one hour later, and ABB did not submit any evidence as to when it last inspected the area prior to the time when the plaintiff asserted the accident occurred (see Clark v Stop & Shop Supermarket Co., LLC, 204 AD3d 746, 747).
Accordingly, the Supreme Court should have denied that branch of ABB's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
However, the Supreme Court properly denied that branch of the mall defendants' cross-motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. Contrary to their contention, the mall defendants failed to establish, as a matter of law, that either of them was an out-of-possession landlord as they failed to submit any lease agreements, and the contract they did submit—the food services agreement—failed to establish as a matter of law that they had no responsibility to maintain the area in question (see Tsokolakyan v Tiffany Mgt., Ltd., 210 AD3d 927, 928).
The mall defendants similarly failed to demonstrate their entitlement to judgment as a matter of law on their cross-claim for contractual indemnification pursuant to the food services agreement between ABB and Saks & Company, LLC. While that agreement contained an indemnification provision in favor of Saks & Company, LLC, and its "affiliates, officers, directors, employees, agents and representatives," the mall defendants did not submit any evidence regarding their relationship to Saks & Company, LLC. Accordingly, the Supreme Court properly denied that branch of the mall defendants' cross-motion which was for summary judgment on their cross-claim for contractual indemnification.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court