Pena v Pep Boys-Manny, Moe & Jack of Del., Inc. (2023 NY Slip Op 02530)

Pena v Pep Boys-Manny, Moe & Jack of Del., Inc.

2023 NY Slip Op 02530

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-04178
 (Index No. 500404/18)

[*1]Herofilo Pena, appellant, 
v
Pep Boys-Manny, Moe & Jack of Delaware, Inc., respondent.

The Law Office of David Horowitz, P.C., New York, NY (David Fischman of counsel), for appellant.
Clyde & Co US LLP, New York, NY (Kevin C. McCaffrey of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated April 25, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured while walking toward a parking lot behind an auto parts store owned by the defendant when a metal gate at the entrance to a storage area fell on his foot. The plaintiff commenced this personal injury action, alleging that the defendant was negligent in the maintenance of its premises. The defendant thereafter moved for summary judgment dismissing the complaint. In an order dated April 25, 2020, the Supreme Court granted the motion. The plaintiff appeals.
A party in possession or control of real property has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241; Wittman v Nespola, 190 AD3d 1012, 1013). When such a party moves for summary judgment in a premises liability case, it has "the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Wittman v Nespola, 190 AD3d at 1013 [internal quotation marks omitted]; see Pampalone v FBE Van Dam, LLC, 123 AD3d 988, 989).
Contrary to the defendant's contention, its submissions in support of its motion for summary judgment failed to eliminate triable issues of fact as to whether it created a hazardous condition that caused the plaintiff's injuries. The defendant submitted the deposition testimony of a service manager who explained that the subject gate, which enclosed an outdoor storage area adjacent to the store, was a sliding metal chain-link gate that was held in place by a track at the top. The service manager testified that it was his regular practice to remove the gate from its track every morning and lean it against the outside of the building to facilitate access to the storage area [*2]throughout the day. At the end of his shift, at approximately 3:30 p.m., the service manager would place the gate back on the track, slide it closed, and lock it with a padlock. The plaintiff's accident occurred at approximately 5:00 p.m. The defendant's submissions in support of its motion also included the deposition testimony of the plaintiff, who testified that, as he walked by the gate, the gate was struck by a gust of wind and fell down onto his foot. This testimony, if credited, indicates that the gate was not secured to the track, thereby raising a triable issue of fact as to whether the manager created the alleged dangerous condition that caused the plaintiff's injuries by failing to properly secure the gate at the end of his shift that day (see Alonzo v City of New York, 188 AD3d 1123, 1125-1126; Nagin v K.E.M. Enters., Inc., 111 AD3d 901, 903; Khamis v CG Foods, Inc., 49 AD3d 606, 606-607).
Moreover, the defendant failed to establish, prima facie, that it lacked constructive notice of the condition that caused the plaintiff's injuries. To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when" the plaintiff's accident occurred (Santiago v HMS Host Corp., 125 AD3d 838, 838 [internal quotation marks omitted]).
Here, the service manager testified at his deposition that it was his regular practice to inspect the area of the gate "two [or] three times a day," but the defendant offered no evidence as to when the gate was last inspected on the date of the plaintiff's injuries. The service manager's testimony, which "merely referenced his general inspection practices" and failed to indicate when the area where the accident occurred "was last inspected . . . relative to the accident," was insufficient to demonstrate a lack of constructive notice (Butts v SJF, LLC, 171 AD3d 688, 689).
As the defendant did not sustain its prima facie burden of establishing its entitlement to summary judgment, the Supreme Court should have denied the defendant's motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court