Thepenier v BGTWO Realty, LLC (2023 NY Slip Op 06272)

Thepenier v BGTWO Realty, LLC

2023 NY Slip Op 06272

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-07077
 (Index No. 621416/18)

[*1]Nicole J. Thepenier, appellant, 
v
BGTWO Realty, LLC, respondent (and a third-party action).

Siben & Siben, LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Eric T. Evans and Kasey T. Mahoney of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated September 14, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff, an employee of nonparty Petco Support Services, LLC (hereinafter Petco), allegedly was injured when she slipped and fell at premises owned by the defendant. Petco leased a portion of the premises pursuant to a written lease with the defendant. The plaintiff testified at her deposition that, on the date of the accident, she was pushing a cart loaded with equipment up a ramp leading from the surface of the parking lot to the rear entrance of the building. She stated that the wheels of the cart became caught on a one-inch thick rubber or silicone-like floor mat located inside the rear vestibule of the building. The plaintiff testified that the wheels of the cart displaced the mat, causing her to slip and fall on the wet surface underneath.
The plaintiff subsequently commenced this action to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, its maintenance of the floor mat in the vestibule and the ramp, and in "causing, allowing and/or permitting the aforesaid ramp to be steep and precipitously sloped." The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that the accident took place in the rear vestibule of the building, and that it was an out-of-possession landlord that had no duty to maintain the vestibule. In opposition to the motion, the plaintiff submitted, among other things, her affidavit, in which she elaborated that the momentum needed to push the loaded cart up the ramp into the vestibule "caused the wheels of the handcart to pull up the silicon-like mat off of the floor by its edge thereby exposing water which had been situated under the mat" upon which she slipped and fell. In an order dated September 14, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"A property owner has a duty to maintain its premises in a reasonably safe condition" (Edwards v Raymour & Flanigan Props., LLC, 203 AD3d 885, 886). However, "[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554, 556; see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that it was an out-of-possession landlord. The defendant's submissions in support of its motion, including its written lease with Petco and a transcript of the deposition testimony of its principal, did not demonstrate that it was an out-of-possession landlord with respect to the subject ramp. The lease obligated the defendant to maintain all appurtenant exterior areas, including the parking area, and the defendant's principal testified at his deposition that the ramp was part of the parking lot, which the defendant maintained (see Tsokolakyan v Tiffany Mgt., Ltd., 210 AD3d 927, 928). Further, the defendant failed to eliminate triable issues of fact as to whether its allegedly negligent maintenance of the ramp was a proximate cause of the plaintiff's accident (see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 971; Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp., 299 AD2d 230, 232). Contrary to the defendant's contention, the plaintiff's allegation that the momentum required to overcome the slope of the ramp was a proximate cause of her accident was not predicated on pure speculation (cf. Scott v Bergstol, 11 AD3d 525).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, its motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court