Mirco v Tops Mkts., LLC (2024 NY Slip Op 01385)

Mirco v Tops Mkts., LLC

2024 NY Slip Op 01385

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

15 CA 23-00308

[*1]INEZ MIRCO, PLAINTIFF-RESPONDENT,
v
TOPS MARKETS, LLC, AND TOPS MARKETS, LLC, DOING BUSINESS AS TOPS FRIENDLY MARKETS, DEFENDANTS-APPELLANTS. 

NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
SHAW & SHAW, P.C., HAMBURG (LEONARD D. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 1, 2023. The order denied defendants' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this personal injury action arising from injuries plaintiff allegedly sustained when she slipped and fell on chicken grease near the rotisserie chicken display in defendants' supermarket, defendants appeal from an order denying their motion for summary judgment dismissing the complaint. We affirm.
Generally, "landowners and business proprietors have a duty to maintain their properties in reasonably safe condition" (Andrews v JCP Groceries, Inc., 208 AD3d 1607, 1607-1608 [4th Dept 2022] [internal quotation marks omitted]). Thus, as the proponents of a motion for summary judgment, "defendant[s] had the initial burden of establishing that [they] did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof" (Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1505 [4th Dept 2015] [internal quotation marks omitted]).
Contrary to defendants' contention, we conclude that they failed to meet their initial burden of establishing that they did not create the allegedly dangerous condition. In support of their motion, defendants submitted the deposition testimony of a former supermarket employee, who testified that the rotisserie chicken display near where plaintiff fell was too hot and caused the bottoms of the chicken packaging to melt and leak grease. Thus, triable issues of fact exist with respect to whether defendants created the allegedly dangerous condition (see Lauzon v Stop & Shop Supermarket, 188 AD3d 856, 857 [2d Dept 2020]; see also Bregaudit v Loretto Health & Rehabilitation Ctr., 211 AD3d 1582, 1585 [4th Dept 2022]; Britt v Northern Dev. II, LLC, 199 AD3d 1434, 1436 [4th Dept 2021]).
We likewise conclude that defendants failed to meet their initial burden of establishing that they did not have actual notice of the allegedly dangerous condition. Although defendants submitted the deposition testimony of the manager on duty in which she testified that she did not personally observe any dangerous condition in the area where plaintiff fell, defendants "failed to submit any evidence establishing that other employees did not observe any [grease] on the [floor] before [the accident]" (Lewis v Carrols LLC, 158 AD3d 1055, 1056 [4th Dept 2018] [internal quotation marks omitted]; see Rivera, 125 AD3d at 1505).
Finally, we conclude that defendants also failed to meet their initial burden of establishing that they did not have constructive notice of the allegedly dangerous condition. "To constitute constructive notice, a defect [or dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Rivera, 125 AD3d at 1505). Thus, "[t]o meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Clark v Stop & Shop Supermarket Co., LLC, 204 AD3d 746, 747 [2d Dept 2022]; see generally Hunt v Dolgencorp of N.Y., Inc., 207 AD3d 1172, 1172-1173 [4th Dept 2022]). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d 923, 923 [2d Dept 2014] [internal quotation marks omitted]; see Carr v Midtown Rochester Props., LLC, 67 AD3d 1469, 1469-1470 [4th Dept 2009]). In this case, although defendants submitted deposition testimony and an affidavit from the manager on duty indicating that she and other employees were responsible for performing inspections every 15 to 20 minutes, defendants' submissions did not establish that the inspections actually occurred. Rather, the manager on duty averred only that she had "walked through" the area where plaintiff fell. Defendants' submissions are devoid of evidence that the manager on duty, or any other employee, performed an inspection, and triable issues of fact therefore remain with respect to whether defendants had constructive notice (see Clark, 204 AD3d at 747; Arghittu-Atmekjian v TJX Cos., Inc., 193 AD3d 1395, 1396 [4th Dept 2021]; Farrauto v Bon-Ton Dept. Stores, Inc., 143 AD3d 1292, 1293 [4th Dept 2016]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court