Saunders v Nostrand 1543, LLC (2024 NY Slip Op 04473)

Saunders v Nostrand 1543, LLC

2024 NY Slip Op 04473

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-09575
 (Index No. 517089/17)

[*1]Selaine Saunders, respondent, 
v
Nostrand 1543, LLC, appellant.

Elefterakis, Elefterakis & Panek, New York, NY (Eileen Kaplan of counsel), for respondent.
Law Office of Suzanne M. Saia, LLC, New York, NY, for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated October 20, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she alleged she sustained in April 2017 when the door to the garbage area in premises owned by the defendant closed on her foot. The plaintiff alleged, inter alia, that the defendant was negligent in its maintenance of the door at issue and creating a dangerous condition. The defendant moved for summary judgment dismissing the complaint. By order dated October 20, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 242). "A defendant in a premises liability action who moves for summary judgment has the initial burden of making a prima facie showing that no dangerous condition existed on the premises or that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (Carey v Walt Whitman Mall, LLC, 215 AD3d 623, 625; see R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 608). "Generally, the issue of whether a dangerous condition exists depends on the particular facts of each case, and is properly a question of fact for the jury" (Guidone v Town of Hempstead, 94 AD3d 1054, 1055; see Trincere v County of Suffolk, 90 NY2d 976, 977). A defendant has constructive notice of a hazardous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff's accident occurred" (Pena v Pep Boys-Manny, Moe & Jack of Del., Inc., 216 AD3d 809, 810 [internal quotation marks omitted]; see Harrington v New York City Tr. Auth., 223 AD3d 789). In determining a motion for summary judgment, the court must view [*2]the evidence in the light most favorable to the nonmoving party, and where conflicting inferences may be drawn, the court must draw those most favorable to the nonmoving party (see Murray v Community House Hous. Dev. Fund Co., Inc., 223 AD3d 675, 676-677).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmovant, the defendant failed to establish, prima facie, that no dangerous condition existed with respect to the door to the garbage area at the time of the accident (see Cabanas v Qiu Yu Zou, 215 AD3d 726, 728; Carey v Walt Whitman Mall, LLC, 215 AD3d at 625). Further, the defendant failed to establish, prima facie, that it did not create a dangerous condition with respect to the installation of the door (see Samperi v City Safety Compliance Corp., 225 AD3d 723, 725; Estrella v ZRHLE Holdings, LLC, 218 AD3d 640) or that it lacked constructive notice of the alleged dangerous condition of the door (see Spinelli v Huang, 225 AD3d 917, 919; Phipps v Conifer Realty, LLC, 220 AD3d 654, 655).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court